## MURRAY *against* ROOSEVELT.

Storage of goods need not be tendered by the owner, when the storer appears resolved to dispute the right of possession on a different ground.

TROVER, for a quantity of corn.

Plea, general issue.

Plaintiff had employed an agent to purchase for him a cargo of corn.

The agent placed the corn, when purchased, in the defendant's store, on storage, without informing him that the corn belonged to the plaintiff.

The plaintiff, previous to the commencement of this action, demanded the corn of the defendant, who refused to deliver it, alleging that the storage was due.

The plaintiff then offered to pay the storage, but the defendant observed, that as the agent was indebted to him, he would not deliver it, but would hold it as security for his demand.

Defendant moved for a non-suit, contending that the plaintiff ought to have tendered the storage, to entitle him to bring the present action.

The plaintiff cited, in opposition, 2 T. R. 485.

VAN NESS, J.   When the corn was demanded from the defendant, he absolutely refused to give it up, alleging his intention to hold it as security for a debt due to him from the agent.   This conduct, on the part of the defendant, rendered a tender unnecessary.   The plaintiff has a right to recover the value of the corn, deducting the amount of storage.

Verdict for plaintiff accordingly.(1)

*Pendleton*, for the plaintiff.

*Emmet*, for the defendant.

(1) If one having a lien on goods, when they are demanded of him, claims to retain them on a different ground, making no mention of the lien, trover may be maintained against him, without evidence of any tender having been made of the amount of the lien.   *Boardman* v. *Sill*, sittings after M. T., 49 Geo. 3d.

Trover for some brandy which lay in the defendant's cellar, and which, when demanded, he had refused to deliver up, saying it was his own property: at this time certain warehouse rent was due to the defendant, on account of the brandy, of which no tender had been made to him.   The attorney-general contended that the defendant had a lien on the brandy for the warehouse rent, and that, until this was tendered, trover would not lie.   Lord Ellenborough considered, that as the brandy had been detained on a different ground, and as no demand of warehouse rent had been made, the defendant must be taken to have waived his lien, if he had one, which would admit of some doubt.   1 Camp. 410, *in notis.*   So in the case of *Judah and others* v. *Kemp*, (2 Johns. Cases, 411,) goods had been shipped on board of defendant's vessel from London for New York, and the consignor consigned the bill of lading to the plaintiff, who demanded them from the defendant, who refused to deliver them, alleging that he had orders from the ship-owners not to deliver them.   In an action of trover for those goods, one ground of defence, taken by the defendant, was, that the plaintiffs had not tendered the freight.   Sed. *per Curiam.*   When the defendant refused to deliver the goods, on the ground that his owners had ordered him not to deliver them, a tender of freight was not necessary.   The goods were not detained by the

defendant on the ground of his lien, but for a different reason, which amounted to a waiver of the tender.   This rule of law has been repeatedly asserted since the above note was written, and is now well settled.   *Saltus* v. *Everett*, 15 Wend. 474; same case, in error, 20 Wend. 268; *Dows* v. *Morewood*, 10 Barb. 184.